UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WEIMER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-02023-AGF |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 33) of Defendant General Motors LLC ("GM LLC") to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or alternatively, to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Northern District of Texas. For the following reasons, the Court will deny the motion to dismiss, and will deny the alternative motion to transfer without prejudice to renewing if, by affidavits or other admissible evidence, it can supply additional facts to demonstrate transfer is warranted.

## BACKGROUND

Kenneth Weimer; Christopher Daily, individually, and as representative of the Estate of Stacey Daily, deceased, and as next friend to C.B.D., a minor child; Alice Haupt, as next friend to B.F., a minor child; Irma Barrett, as next friend to P.W., a minor child; Devin Wright and Traci Wright, as next friends to T.W., a minor child; Kelli Mellema; Thomas Mellema (Weimer, Stacey Daily, Kelli Mellema, Thomas Mellema,

and the minor children referred to herein as "Plaintiffs") initiated this action in the Eastern District of Missouri on December 19, 2016. Plaintiffs, as well as their representatives and next friends, are residents of Graham, Texas, which is in the Northern District of Texas. They assert a state-law tort claim against GM LLC, a limited liability company headquartered in Michigan,[1] arising out of an automobile accident in Palo Pinto County, Texas, which is also in the Northern District of Texas.[2]

In their Third Amended Complaint, Plaintiffs allege that on March 6, 2015, Weimer was driving, and the other Plaintiffs were passengers in, a 1999 Chevrolet Express, and while traveling southbound on State Highway 337, a vehicle traveling in the opposite direction crossed lanes, struck Plaintiffs' vehicle, and caused Weimer to lose control of the vehicle and ultimately strike a tree. Plaintiffs allege that this accident killed Stacey Daily and seriously injured each of the other Plaintiffs, notwithstanding that all Plaintiffs were properly seated and properly wearing the available seatbelts at the time of the accident.

---

[1] GM LLC's sole member is General Motors Holdings, LLC, whose sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Thus, there is complete diversity of citizenship, and as Plaintiffs have plausibly pleaded facts demonstrating that the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court has diversity jurisdiction. *See* 28 U.S.C. § 1332.

[2] Although Plaintiffs' complaint does not indicate where the accident took place, GM LLC has attached to its motion a copy of the "Texas Peace Officer's Crash Report," certified by the Custodian of Motor Vehicle Crash Records for the Texas Department of Transportation, which indicates that the accident took place on State Highway 337 in Palo Pinto County. Plaintiffs do not challenge the admissibility of the crash report, and they do not dispute the location of the accident.

Plaintiffs' complaint includes a single count, labeled "Cause(s) of Action as to Defendant [GM] LLC," in which Plaintiffs allege that GM LLC "either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested the vehicle in question." Plaintiffs allege that the injuries complained of occurred because the vehicle was" unreasonably dangerous and defective" and because GM LLC was "negligent in the design, manufacture, assembly, marketing and/or testing" of the vehicle. ECF No. 28 at 13-15.

Plaintiff's complaint contains a "non-exhaustive list" of ways in which the vehicle was defective, including, among other things, an insufficient number of "welds," which Plaintiffs state may be either a design or manufacturing defect; inadequate roof strength; improper seatbelt webbing and geometry; and improper testing in a number of specified respects, such as crash testing, rollover testing, and handling, stability, and control testing. *Id.* at 14-15, 17.

Plaintiffs plead in their complaint that venue is proper in the Eastern District of Missouri because the "subject vehicle was manufactured and assembled at the Wentzville, Missouri plant which is owned by Defendant[.]" *Id.* at 9. In its answer to Plaintiffs' complaint, GM LLC pleads a variety of affirmative defenses, including improper venue; lack of a "jurisdictional nexus" with this Court; that Plaintiffs' complaint is barred by the terms of the "General Motors Bankruptcy Sale Order, see *In re General Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009)"; that Plaintiffs' recovery, if any, should be reduced or barred as a result of the comparative fault of Plaintiffs; and

that third parties over whom GM LLC has no control may have caused or contributed to Plaintiffs' injuries. ECF No. 31 at 14-17.

GM LLC also filed the motion to dismiss or transfer now under consideration. It argues that venue is improper in the Eastern District of Missouri because GM LLC does not reside here and there are insufficient facts to connect Plaintiffs' claims to this forum. GM LLC contends that General Motors Corporation (referred to as "Old GM"), rather than GM LLC, actually designed, manufactured in part, and assembled the subject vehicle, and that Old GM filed a petition for Chapter 11 bankruptcy on June 1, 2009, and sold substantially all of its assets to GM LLC's predecessor, free and clear of encumbrances except certain contractually defined liabilities. GM LLC argues that Plaintiff's complaint "identifies no assembly defect for which [GM LLC] could be liable contractually." ECF No. 34 at 7. In any event, GM LLC argues that Old GM did not design the subject vehicle in the Eastern District of Missouri, but "merely assembled the van into its final form" here, and that Plaintiffs complaint "contains no factual assertions making it plausible to conclude the rollover crash occurred because of how Old GM assembled the van." *Id.*

Alternatively, GM LLC seeks to transfer this action to the Northern District of Texas under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice. GM LLC argues that venue is proper in the Northern District of Texas because the accident occurred there and Plaintiffs reside there.

4

The certified Texas Peace Officer's Crash Report[3] attached to GM LLC's motion contains details regarding the persons and vehicles involved in the accident, as well as a narrative description of the accident by an investigator with the Texas Department of Public Safety. The report indicates that both vehicles involved were owned by persons with addresses in Graham, Texas; that the victims were transported by emergency responders to John Peter Smith Hospital, Harris Methodist Hospital, Cooke's Children's Hospital, and Palo Pinto General Hospital; and that the vehicles were towed to a location in Mineral Wells, Texas. ECF No. 34-2.

GM LLC argues that a transfer will serve the convenience of the parties and witnesses because Plaintiffs reside in the Northern District of Texas, as do "witnesses to this crash and its aftermath, including investigating officers, first responders, [and] medical providers." ECF No. 34 at 9. GM LLC contends that a transfer will also serve the interest of justice because of the advantage of having a Texas federal court apply Texas law, which GM LLC argues should govern here as the crash occurred in Texas.

In response, Plaintiffs argue that their allegation that the subject vehicle was manufactured and assembled in Wentzville Missouri, in combination with their allegation that their injuries were caused in part by manufacturing and assembly defects, is adequate

---

[3] In her certification, the custodian states that "that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required to be completed and filed with [the Department of Transportation]; [and] that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law." ECF No. 34-2. The certified copy of the crash report is also accompanied by an affidavit of GM LLC's attorney, who attests that the report is a true and correct copy. ECF No. 34-1.

to establish that venue is proper in the Eastern District of Missouri. Plaintiffs contend that their allegation as to the location of manufacturing and assembly must be taken as true at this stage, particularly because GM LLC has not attached any affidavits or other evidence to contradict that allegation.

Plaintiffs also argue that transfer to the Northern District of Texas is not warranted because Plaintiffs' choice of forum should be respected. According to Plaintiffs, GM LLC has not established its burden to demonstrate transfer is warranted because GM LLC has not submitted affidavits or other evidence identifying the potential witnesses who may reside in the Northern District of Texas, or their anticipated testimony and availability. Moreover, Plaintiffs argue that witnesses such as the "police and fire emergency personnel" alluded to by GM LLC will only be relevant to proving "Plaintiffs' medical condition and injuries," which is "a burden borne by the Plaintiffs, and any expenses or inconvenience to present this evidence will be that of the Plaintiffs." ECF No. 35 at 10.

Next, Plaintiffs argue that, on balance, it is more convenient to keep the case in the Eastern District of Missouri because "the crux of this case is the subject vehicle and its manufacture, design, and assembly," and "[t]o the extent that the General Motors' plant in Missouri where the vehicle was manufactured and assembled does not have all of this material, it will be found in Michigan, which is Defendant's principal place of business." *Id.* at 12. Thus, while acknowledging that "the location of documents is not usually afforded great weight in this age of easy transport," *id.* at 12 n.6, Plaintiffs contend that access to proof will be easier in Missouri than Texas.

Finally, Plaintiffs argue that the interest of justice favors keeping the case in the Eastern District of Missouri because it will proceed to trial faster here, where the caseload per judge is lower than in the Northern District of Texas; the choice of law governing Plaintiffs' claims is unclear and in any event, this Court would be capable of applying Texas law; and the residents of this district have an interest in this litigation because the allegedly defective product is available for sale here.

In reply, GM LLC reasserts that the Northern District of Texas is the proper venue and that the defects alleged in Plaintiffs' complaint do not arise from the assembly which took place in Wentzville, Missouri. GM LLC argues that, at most, the defects alleged relate to the testing and design of the vehicle, which GM LLC argues "would have occurred in the State of Michigan and certainly not at the Wentzville Assembly Plant," and to "crashworthiness performance," which GM LLC argues occurred in the state of Texas at the time of the accident. ECF No. 37 at 8.

GM LLC also reasserts that transfer is warranted, primarily because Plaintiffs, the crash site, law enforcement, emergency medical technicians, medical personnel, and other potential sources of proof are located in the Northern District of Texas, which is undisputedly beyond the reach of this Court's compulsory process. GM LLC contends that Plaintiffs' forum choice should be given less deference because Plaintiffs' do not reside in this district, and that the investigating officers, first responders, and medical providers in Texas are important sources of proof not only for Plaintiffs but also for GM LLC. Finally, GM LLC contends that, although it has not submitted affidavits or other

7

evidence regarding these witnesses, the Court should not insist on such a "hyper-technical" requirement at this early stage of the case. *Id.* at 14.

## DISCUSSION

### Motion to Dismiss for Improper Venue Under Rule 12(b)(3)

"Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action when the action is not filed in the proper venue." *Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13-CV-1569 CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014) (citation omitted). On a motion to dismiss for improper venue, the plaintiff's well-pled factual allegations are taken as true, but the court may also consider evidence outside the pleadings to determine whether the chosen venue is appropriate. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809-10 (7th Cir. 2016).

The general venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in,

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

With respect to § 1391(b)(2), "[t]he statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that

8

a substantial part of the events giving rise to the claim occurred there." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). GM LLC has offered no evidence to contradict Plaintiffs' allegations that the subject vehicle was manufactured and assembled in this district, and that Plaintiffs' injuries were caused in part by manufacturing and assembling defects. And although GM LLC argues that the vehicle was actually manufactured and assembled by Old GM, and that any liability arising therefrom would be attributable to GM LLC only by way of a contractual assignment, GM LLC has not cited any caselaw suggesting that this fact would make venue improper in this district. Taking Plaintiffs' allegations as true, the Court thus finds that venue is proper in this district. *See, e.g., Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc.*, No. CIV.A.05-2052, 2005 WL 2660351, at *3 (E.D. Pa. Oct. 18, 2005) (holding that, for the purpose of establishing proper venue, "the alleged defective design and manufacture of the roller coaster cars, which occurred in this District, constitute a substantial part of the events or omissions giving rise to this [products liability] claim"). The Court will deny GM LLC's motion to dismiss for improper venue.

**Motion to Transfer Under 28 U.S.C. §1404(a)**

Title 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In other words, if a party seeking transfer makes the threshold showing that the action could

9

have been filed in the proposed transferee forum,[4] a court then considers the broad categories of interests set forth in § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.

The Court is dubious of Plaintiffs' arguments opposing transfer, particularly in light of the undisputed facts that Plaintiffs are residents of the Northern District of Texas; the vehicle defects alleged in Plaintiffs' complaint relate primarily to design and testing, and Plaintiffs have never alleged that such design or testing, or any business decisions related thereto, occurred in the Eastern District of Missouri; and the allegedly defective vehicle was used and all injuries occurred in the Northern District of Texas.

The Court also believes that the non-party witnesses to the accident itself, including police, first responders, medical personnel, and any bystanders, may be relevant not only to Plaintiffs' claims but also to GM LLC's affirmative defenses. The convenience of these and other non-party witnesses "is considered a primary, if not the most important, consideration." *Ascension Health Alliance v. Ascension Ins., Inc.*, No. 4:15CV283 CDP, 2015 WL 5970487, at *1 (E.D. Mo. Oct. 13, 2015). It is also the factor relied upon most heavily by GM LLC.

---

[4] The Court finds, and Plaintiffs do not dispute, that this action could have been brought in the Northern District of Texas, because a substantial part of the events giving rise to Plaintiffs' claims—namely, the accident—occurred there. *See, e.g., LaPenna v. Cooper Tire & Rubber Co.*, No. 2:10-CV-1018-MEF, 2011 WL 2669469, at *3 (M.D. Ala. July 7, 2011) (granting a motion to transfer a products liability action stemming from an automobile accident that occurred in the Southern District of Georgia, and holding that the action could have been brought in that district pursuant to § 1391(b)(2)).

Nevertheless, the Court cannot grant a § 1404(a) transfer on the record before it, because to do so would invite inappropriate speculation by the Court. "Generally, a party seeking to transfer an action for convenience of the witnesses must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover." *Seneca Cos. v. Becker*, 134 F. Supp. 3d 1148, 1157 (S.D. Iowa 2015) (citation omitted). Moreover, in assessing the convenience of the witnesses, courts consider "the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *see also Reid-Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir. 1991) (holding, in the *forum non conveniens* context, that "the district court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum" and that "[t]he burden is on the defendant to provide these facts by way of affidavit or other information").

Although GM LLC has argued in its motion that relevant non-party witnesses likely reside in the Northern District of Texas and would be inconvenienced if this action were maintained in the Eastern District of Missouri, GM LLC has not submitted any evidence to identify even a single one of these witnesses or to give the Court any indication of their current location, anticipated testimony, or accessibility to this Court. As such, the Court will deny GM LLC's motion to transfer. *Maritz Inc. v. C/Base, Inc.*, No. 4:06-CV-761 CAS, 2007 WL 6893019, at *12 (E.D. Mo. Feb. 7, 2007) (denying transfer, in part, because "[t]here is no indication who the potentially unwilling witnesses

are, or whether they could be made available by deposition," and because the movant "made no showing that any particular witness or essential witness will refuse to come to Missouri voluntarily, making compulsory process necessary").

The Court recognizes that the case is at an early stage, and that discovery may provide the facts that are lacking here.  Therefore, the Court will deny the motion to transfer without prejudice to renewing if, by affidavits or other admissible evidence, it can supply additional facts to demonstrate transfer is warranted.  *See Tolentino v. Mossman*, No. 207-CV-1243-GEB-DAD, 2008 WL 1787752, at *1 (E.D. Cal. Apr. 18, 2008) ("A defendant may renew its motion to transfer venue if, by proper affidavits, the facts which were lacking upon its previous motion can be supplied to sustain its burden on its second motion.") (citing *Goodman v. S. Ry. Co.,* 99 F. Supp. 852, 855 (S.D.N.Y. 1951)).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant General Motors LLC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) is **DENIED,** and its alternative motion for  transfer under 28 U.S.C. § 1404(a) is **DENIED without prejudice**, as set forth above.   ECF No. 33.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2017.